IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Patricia T. Patterson, | ) | C/A No. 0:09-2599-SB-PJG |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Patricia T. Patterson ("Patterson"), who is self-represented, filed three motions seeking a default judgment against the Commissioner of the Social Security Administration, the United States Attorney General for South Carolina, and the United States Attorney General. (Docket Entries 19, 20, & 21, respectively.) The defendant filed a response in opposition (Docket Entry 24) and Patterson filed a reply (Docket Entry 25).

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Pursuant to Local Civil Rule 83.VII.03 DSC, "the Commissioner is granted an additional sixty (60) days beyond the time otherwise allowed by law for the filing of its answer *without the necessity of a motion so requesting*." (emphasis added). The court's docket indicates that the defendant was served with the Summons and Complaint on December 7, 2009. (Docket Entry 18.) Accordingly, the defendant's deadline to file an answer was

April 6, 2010. Local Civil Rule 83.VII.03 DSC. As the defendant's Answer was filed prior to this deadline, default judgment is not appropriate.

In addition, Patterson's Reply appears to allege that the defendant should also be held in default for untimely filing his response in opposition to her motions for default judgment. (Docket Entry 25.) However, the alleged failure of the defendant to timely respond to Patterson's *motion* would not entitle her to a judgment, default or otherwise. See Fed. R. Civ. P. 55.

## RECOMMENDATION

For the reasons stated above, the court recommends that Patterson's motions for default judgment be denied. (Docket Entries 19, 20, & 21.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 5, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).